HEARD APRIL TERM, 1879.

### CASE No. 747.

### JOHN M. CURETON v. ANNA M. DARGAN.

1. The Circuit judge, on motion upon notice, may dissolve an attachment at chambers.
2. Summons was dated same day attachment was granted and levied, but the endorsement of the sheriff's entry on the summons was dated the day after, on which day it was served. *Held,* that in the absence of other testimony it was error to dissolve the attachment, as irregularity by the clerk who granted the order cannot be presumed, and the summons may have been issued the day of its date by delivery to some other person than the sheriff for service; McIVER, A. J., dissenting—that under Section 122 of the code, action can be commenced only by service of summons, or by delivery to the *sheriff or other officer* for service.

---

Before HUDSON, J., on Eighth Circuit, October, 1879.

The opinion of the court fully states the case.

*Mr. E. F. Stokes,* for appellant.

*Messrs. Earle & Wells,* for respondent.

June 25th, 1879. The opinion of the court was delivered by

WILLARD, C. J. The action is for the recovery of money on a promissory note, and the place of trial Greenville county. The plaintiff obtained an order for the attachment of the property of the defendant on the ground that the defendant was about to

remove her property out of the limits of the state with intent to defraud her creditors.  After the attachment had been executed by the sheriff, and a summons served, the defendant moved before the clerk, who issued the attachment, to discharge the same, which motion was denied by the clerk.  Defendant then gave notice of a motion before the Circuit judge, then sitting within the circuit at Walhalla, to set aside the attachment upon the affidavits upon which the motion had been heard before the clerk of Greenville county, on two grounds—first, because no summons was issued before the attachment was granted; and, second, because the note upon which the warrant of attachment was granted was not due.  The Circuit judge heard and granted the motion, at Walhalla, vacating the attachment.

The plaintiff now appeals from the order vacating the attachment, on several grounds, which will be considered.  It is objected by the plaintiff that the motion could not be heard except in the county where the action was triable, and, also, that it could not be heard at chambers.  The general rule, as it regards the place where motions must be made, is contained in Section 417 of the code, and is as follows: "1. An application for an order is a motion.  2. Motions may be made to a judge or justice out of court, except for a new trial on the merits.  3. Orders made out of court, without notice, may be made by the judge of the court in any part of the state.  4. Motions, upon notice, must be made within the circuit in which the action is triable, or, in the absence or inability of the judge of the circuit, may be made before the judge of a circuit adjoining that in which it is triable."  Unless, therefore, there is some provision of the law applicable to attachment, constituting an exception to the general rule just stated, it was competent to make the motion before the Circuit judge at chambers in Oconee county, which is within the same circuit with Greenville, the county in which the action was triable.  As the motion was not for a judgment, or any relief properly obtained through a judgment (Section 416), it was a case within the provisions of Section 417; and as it was not a motion for a new trial, on the merits, it was capable of being heard in any part of the circuit in which the action was

triable, and even in an adjoining circuit in case of the absence or inability of the judge of the proper circuit to hear it.

Has, then, the law relating to attachments created an exception to this general rule limiting motions to dissolve an attachment to be heard before either the clerk or the court in the county in which the action is triable? This is substantially the proposition contended for by the appellant. The provisions of the code of procedure relating to attachments are taken substantially from the act to regulate attachments passed in 1868. 14 *Stat.* 102. Sections 16 and 17 provide a means of obtaining a release of property attached from the attachment by the defendants giving a bond with sureties for the payment of any judgment in the ,action in which the attachment was issued, but it assumes the validity of an attachment, and is not the remedy of the party complaining that the attachment was improperly granted.

By the code, attachment is classed among the provisional remedies (Title II.) The provisions of the sixteenth and seventeenth sections of the act of 1868 relating to the release of attached property upon giving a bond for the payment of the judgment, should one be recovered, are re-enacted in Sections 264 and 265. A clause is, however, added at the end of Section 265, in the following words : " And in all cases the defendant may move to discharge the attachment as in the case of other provisional remedies." This provision includes, beyond doubt, the motion to discharge the attachment on the ground of invalidity or irregularity, and refers us to the general rules governing the provisional remedies at large for the rules governing such an application. We will then inquire what provisions exist in similar cases in regard to the various provisional remedies, which include arrest and bail, claim and delivery of personal property, injunction, attachment, receiverships and orders for the surrender of some subject of suit admitted to be due to the claimant in such proceeding. The only provision in case of the order of arrest is " that the defendant arrested may, at any time before judgment, apply on motion to vacate the order of arrest, or to reduce the amount of bail." Before whom and at what place the motion should be made is left to be governed by the general

provisions of the code applicable to motions in general, which are contained in Section 417, already referred to. The provisions as to the claim and delivery of personal property are silent as to any similar motion. It is provided that a motion to dissolve an injunction may be made on notice "to the court or a judge thereof in which the action is brought to vacate or modify the same." This is equivalent to allowing the motion to be made either to the court or a judge at chambers. It is not said that such motion must be made to the judge or court who granted the motion, in which case it might be perhaps contended that an injunction granted by the court must be dissolved by the court, and one granted at chambers dissolved at chambers; but the language is: "To the court or a judge thereof in which the action is brought." The one requisite qualification of the judge, in order to hear such motion at chambers, being that he is "a judge of the court in which the action is brought." The other provisional remedies are left wholly to be governed by the general provisions of the code as it regards similar motions. The strongest reasons exist why motions to discharge orders of this class should be facilitated by being heard at chambers during the vacations of the court in which the action is triable. Such orders are granted *ex parte* and on affidavits alone, and in the case of order of arrest, affecting the liberty of the defendant, and the order of attachment, removing his property from beyond his control, may be granted by the clerk. Plaintiffs sometimes obtain such severe remedies on sworn charges of a general character without setting forth any facts and circumstances sufficient to authorize the conclusion that a case for such remedies exists as was done in *Brown* v. *Morris,* 10 *S. C.* 467, recently decided by this court, and where that practice was condemned as illegal, In the present case the affidavit was defective in that respect. but as the defendant did not demand the discharge of the attachment on that ground, he must be regarded as having waived such irregularity. In such cases, to allow an improperly-obtained process against the property or the person of the defendant to remain in force until a court is convened in the county where the action is triable, would invite parties to sue out such orders in cases when they know they could not hold them, in the hope

that the defendants would offer security for the payment of the debt claimed, rather than submit to the loss of personal liberty or the control of their property until an opportunity, perhaps only after the lapse of months, could be offered for showing that they were entitled to be relieved from such severe process. The objection of the appellant to the jurisdiction of the judge to grant the order appealed from stands upon no just grounds.

It is very clear that the judge who granted the motion to discharge the attachment had not before him evidence sufficient to justify the discharge of the attachment. We must assume that all the proofs before the Circuit judge on the motion are brought before us, for that is the requirement of Rule I. of this court, and it is not alleged that there has been a failure to comply with that rule. The defendant, who alleged irregularity in the granting of the attachment, was bound to prove the fact of such irregularity, as irregularity in the proceedings of courts or their officers will not be presumed. The charge of irregularity was that summons had not been issued at the time that the attachment was granted. The warrant of attachment was issued July 24th, 1878. The summons bears date the same day. The summons was served on the 25th. The only proof offered that the summons had not been issued at the time of the issuing of the warrant, was a memorandum purporting to be made by the sheriff of Greenville county, on the back of the summons, as follows: "Entered July 25th, 1878. P. D. Gilbreath, S. G. C." Whether a memorandum of this character, made by the sheriff, is competent proof of the fact to which it relates, need not be considered, for even if it is, it does not exclude the idea that the summons had been regularly issued before that day. The order of attachment may be made "at the time of issuing the summons or at any time afterwards." *Code,* § 250. The summons is issued whenever it is placed in the hands of a person legally capable of serving the same for the purpose of service. The summons may be served by the sheriff of the county where the party may be found, or by any other person not a party to the action. *Code,* § 156. It follows that the fact, if admitted, that the summons was not lodged with the sheriff until the day after the attachment was made, does not exclude, in any legal sense,

the idea that it had previously been placed in the hands of some other person competent to serve it. Indeed, it is very common practice to place the summons in the hands of a person other than the sheriff, and afterwards, for greater convenience, to transfer it to the sheriff for service.

As the objection of the defendant on this ground is purely technical, and no possible injury can have been sustained by the defendant for a day's delay in the service of the summons, she is bound to make a strict proof of the irregularity she alleges, and this she has not done. No evidence whatever was given in support of the statement of the defendant contradicting the affidavit on which the attachment issued that the debt claimed was due.

The complaint is not before us, nor the terms of the promissory note sued upon, nor anything enabling us to see that the Circuit judge was justified in holding that the fact of a debt due, as alleged in the affidavit, on which the attachment issued had been contradicted. Had there been any evidence on which the judge could have concluded that as matter of fact no debt was due to the plaintiff, such a conclusion of fact could not be reviewed by us on appeal. But as no such evidence appeared, no ground existed for such a determination of fact.

The appeal must be sustained, and the order vacating the attachment must be set aside.

HASKELL, A. J., concurred.

McIVER, A. J., dissenting. This is an appeal from an order of the Circuit judge, sitting at chambers, vacating an attachment. The grounds upon which this order was applied for were: "1. Because no summons was issued before the attachment was granted, as required by the law of this state. 2. Because the note, upon which the said warrant of attachment was granted, was not then, and is not now, due." As the record brought here furnishes no evidence whatever to sustain the second ground, and, as we are bound to assume, in the absence of any averment to the contrary, that "all the papers upon which the court below acted in making the order," are embraced in the record sent up to this court, as required by Rule I. of this court, we must

assume that the Circuit judge granted the order to vacate the attachment on the first of the above-stated grounds, and it is only necessary to inquire whether that ground is well founded. The facts necessary to the determination of this question, as disclosed by the record, are as follows: On the 24th of July, 1878, the plaintiff obtained from the clerk of the Court of Common Pleas for Greenville county, a warrant of attachment, which, on the same day, was lodged with the sheriff and duly executed by the seizure of defendant's property. The summons in the action bears date 24th of July, 1878, and by endorsement thereon appears to have been lodged in the sheriff's office on the 25th of July, 1878, the endorsement being in these words: "Entered July 25th, 1878. P. D. Gilbreath, S. G. C." The sheriff's return shows that the summons was served on the 25th of July, 1878. Under this state of facts it seems to me that the Circuit judge was fully justified in granting the order to vacate the attachment. It is very clear that a warrant of attachment should not be granted *before* the issuing, but only *at the time* of issuing the summons, or any time *afterwards. Code,* § 250. And it is equally clear, from the facts above stated, that the only evidence before the Circuit judge showed that the summons had not been issued until the day after the warrant of attachment was granted. It may be that the entry of the sheriff, endorsed on the summons, showing the date when it was entered in his office, is not conclusive evidence as to the time when the summons was issued, but in the absence of any other the Circuit judge was fully warranted in the conclusion that, from the evidence before him, the summons had not been issued until after the warrant was granted, and, therefore, the attachment should have been vacated. The suggestion that, under the provisions of Section 156 of the code, the summons may be served by any person not a party to the action as well as by the sheriff, and, therefore, for aught that appeared in this case, the summons might have been placed in the hands of some private person to be served on the day of its date, and afterwards lodged with the sheriff, loses its force when it is remembered that Section 122 of the code fixes the time of the commencement of an action at the time when the summons is served, or when it "is delivered with the intent that it shall

be actually served to the *sheriff or other officer* of the county in which the defendants, or one of them, usually or last resided," not when it is delivered to *any person* not a party to the action. For Section 250 provides that "*in an action* arising on contract \* \* \* the plaintiff, at the time of issuing the summons, or any time afterwards, may have the property of such defendants or corporation attached in the manner hereinafter prescribed, \* \* \* and for the purposes of this section an action shall be deemed commenced when the summons is issued." This shows that the design was only to allow the remedy by attachment "*in an action*" which had already been commenced, or which should be commenced at the time the attachment is applied for; and, reading this section in connection with Section 122, it is plain that the action cannot be regarded as commenced until the summons is served, or until it is delivered, not to *any person* not a party to the action, but "*to the sheriff*" or other *officer* of the county." The reason for this distinction is obvious. For, while there may be no objection to fixing the time at which an action can be said to have been commenced at the time when the summons is served, even though such service should be made by a private person, there would be manifest impropriety, as opening the door to fraud, in providing that an action should be deemed commenced from the time the summons is delivered to a private person to be served, as that would be a fact known only to the plaintiff and such person, which the defendant would have no means of contradicting. But when the summons is delivered to a public officer to be served, the fact of such delivery, and the time when it is made, becomes more open and notorious, and is accessible to the defendant as well as to any other interested. The objection raised by the appellant that the Circuit judge, sitting at chambers, had no authority to grant the order in question is so fully and satisfactorily disposed of in the opinion of the Chief Justice that it is unnecessary to say anything upon that point. For the reasons above stated, I am unable to concur in the conclusion reached by the Chief Justice, and on the contrary, I think that the order of the Circuit judge should be affirmed.

Order vacated.